## WESTERN ELECTRIC CO., Inc., et al. v. PACENT REPRODUCER CORPORATION et al.

District Court, S. D. New York.
Dec. 22, 1930.

Charles Neave, of New York City (William R. Ballard, of New York City, of counsel), for plaintiffs.

Kenyon & Kenyon, of New York City, for defendants.

**FRANK J. COLEMAN, District Judge.**

All the questions raised on these motions relate to the right of the plaintiffs, Western Electric Company, Incorporated, and Electrical Research Products, Inc., to join in this action with the American Telephone & Telegraph Company. The action is to restrain infringement of certain patents owned by the American Telephone & Telegraph Company under which the other two plaintiffs have a license. The Circuit Court of Appeals has held that the complaint shows the plaintiffs to be properly joined because a certain contract between the American Telephone & Telegraph Company and the other two plaintiffs made the license an exclusive one. 42 F.(2d) 116.

Section 29 of the answer, which the plaintiffs seek to have stricken out, sets up two grounds of objection to the joinder of the Western Electric and Electrical Research Companies: (1) That the above-mentioned contract with the American Telephone & Telegraph Company does not on its face create an exclusive license, and (2) that even if it does, the contract is illegal and void. The first ground is exactly that passed upon adversely by the Circuit Court of Appeals [42 F.(2d) 116], and defendants' only reason for including it in the answer is to reserve it for review by the Supreme Court. This is unnecessary, and defendants' fear that otherwise they might be deemed to have waived the point is unjustified. Certainly the fact that defendants have set it up in the answer, even though it be now stricken out, would preclude any inference of waiver, so that we may now put the pleading in the condition that logical procedure would seem to require without danger of depriving the defendants of the point if the case should ever be taken to the Supreme Court.

As to the allegations that the contract was illegal and void, defendants move to amend them so as to state the facts more specifically. The plaintiffs move to strike out the original allegations and oppose the motion to amend on the ground that even the more specific statement does not show that defendants have the right to object to the joinder.

Considering the facts as alleged in the proposed amendments, it appears that the contract between the plaintiffs was part of a conspiracy between the plaintiffs and other companies to restrain trade in contravention of both the common law and the Sherman Act (15 USCA § 1 et seq.). The contract in itself merely transfers certain of the patent owner's rights to the Western Electric and the Electrical Research Companies and is perfectly legal except for the fact that it is alleged to have been made for the purpose of carrying out the conspiracy.

The Circuit Court of Appeals has held that the Western Electric Company and the Electrical Research Companies are entitled to join in the action merely because they hold an exclusive license and that the exclusiveness of their license is based upon a promise to them by the American Telephone & Telegraph Company to the effect that the latter would not grant licenses to others. This promise the Circuit Court of Appeals found was implied in the written contract. If the contract with its implied promise was completely void and had no more effect than if it had never been made, then there was no exclusiveness in the license and the two licensees should not be joined.

The question here presented is whether assuming the truth of all the allegations in the proposed amendment, the defendants can avail themselves of the illegality. It must be assumed that they are trespassers and are violating the rights of both the patent owner and any exclusive licensee. As to the patent owner, the law is well settled that an infringer cannot defend upon the ground that the plaintiff acquired his title illegally and for the purpose of carrying out a conspiracy in restraint of trade. Defendants argue that such case is not analogous to that of an exclusive licensee, because in the former the acquisition of title is an accomplished fact even though illegally actuated and requires no aid from the court in order to effectuate it; while in the latter case the exclusiveness of the license depends upon a continuing promise of the patent owner not to grant further licenses and that the promise is void if made for an illegal purpose. It should be borne in mind, however, that this is not a proceeding to enforce the contract, and further that the contract was in itself and apart from its pur-

pose entirely legal. The rights which the exclusive licensees are seeking to enforce against trespassers arise out of the contract in about the same way as a patent owner's rights against infringers arise out of a title illegally acquired. I think that in neither instance should the infringer be exempt from liability because of illegality which does not affect him individually. The allegations are not sufficient to show that these defendants were injured by the conspiracy nor that they could have been; while it is true that the exclusive license may have precluded the defendants from getting a license, that fact did not violate any of their rights. The plaintiffs had a perfect right to enter into the exclusive license agreement and, in so far as they went beyond that the defendants were not affected.

There is no inconsistency between this ruling and the decision in Dr. Miles Medical Company v. John D. Park & Sons Co., 220 U. S. 373, 31 S. Ct. 376, 55 L. Ed. 502. That was an action to restrain the defendant from inducing a breach of contract, and the court held that there was no cause of action because the contract in question was illegal. The defendant in that case stood upon the right which a party to an illegal contract has to repudiate it. The case at bar would be more analogous if the patent owner in repudiation of its contract with its exclusive licensees had given a license to the present defendants; but the patent owner has done no such thing, and I do not believe that a trespassing outsider can as far as the rights of the exclusive licensees are concerned assume that the illegal contract has been repudiated and assert on his own behalf the right of the patent owner to do so.

Accordingly, the motion of the plaintiffs to strike out is granted, and the motion of the defendants to amend the answer is denied. Settle orders on notice.